UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SNAP-ON INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 09 C 6914 |
| | ) | |
| ROBERT BOSCH, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on the motion of Plaintiff Snap-on, Inc. ("Snap-on") for leave to file a First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a). For the reasons stated below, the motion is granted.

## BACKGROUND

On November 3, 2009, Snap-on filed a complaint against Defendant Robert Bosch, LLC ("Bosch"), alleging numerous counts of patent infringement. Beissbarth GmbH ("Beissbarth") and Robert Bosch GmbH ("Bosch Germany") (collectively, the "German Entities") are related to the current Defendant, Bosch. As of January 25, 2010, only three months after Snap-on filed its original complaint, Snap-on believed that Bosch and the German Entities "worked as one unit to bring the infringing [product] to market." *Snap-on, Inc. v. Robert Bosch, LLC*, 09-CV-6914, Dkt. No. 30

(N.D. Ill. Jan. 25, 2010). Snap-on also acknowledged that "many of the tasks required to bring the infringing [product] to market [were] assigned to Beissbarth." *Id.*

On June 29, 2011, Snap-on moved for leave to file a First Amended Complaint, which adds the German entities as defendants. While Snap-on's motion is pending, the Court continued Bosch's recently filed motion for summary judgment. Discovery is ongoing and the Court has not yet set a trial date.

## LEGAL STANDARD

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). District courts have wide discretion in deciding whether to grant leave to amend. *Johnson v. Cypress Hill*, 641 F.3d 867, 871-72 (7th Cir. 2011). The court may deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendant, or where the amendment would be futile. *Id.* Delay, alone, is generally insufficient reason to deny a motion to amend, but the longer the delay, the greater the presumption against granting leave to amend. *Id.*

## DISCUSSION

Snap-on requests leave to file an amended complaint adding the German Entities as defendants. Bosch responds that the Court should deny Snap-on's request for the reasons discussed below.

## I. Undue Prejudice

Bosch opposes Snap-on's request because the amendment unduly prejudices Bosch by injecting a new infringement theory into the case, materially expanding discovery, delaying the case while the German Entities are served through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention"), and prompting a dispute over personal jurisdiction.

Bosch's argument lacks merit. First, Bosch fails to articulate what new infringement theory Snap-on purportedly introduces into the case. As before, Snap-on claims direct infringement, but now makes that claim against three defendants rather than a single defendant. Further, Bosch fails to substantiate how the amendment materially expands discovery. For instance, Bosch fails to identify any documents not previously produced which would become relevant and need to be produced if Snap-on adds the German Entities as defendants. Additionally, while the case may conceivably suffer some delay from service of the German Entities, Snap-on appropriately points out that Bosch's counsel, if representing the German Entities, could simply agree to accept service without forcing Snap-on to proceed through the Hague Convention. *See* Fed. R. Civ. P. 4(d) (discussing waiver of service). Finally, any dispute concerning personal jurisdiction would not unduly prejudice Bosch, as it would be a controversy between

Snap-on and the German Entities. Accordingly, Bosch does not demonstrate that the amended complaint causes it undue prejudice.

## II. Futility of Proposed Amendment

Bosch further argues that the Court should deny Snap-on's request to file an amended complaint because the amendment is futile. In particular, Bosch claims that Snap-on's amended complaint fails to state a patent infringement claim against the German Entities and fails to set forth facts demonstrating personal jurisdiction over the German Entities. When evaluating whether the proposed complaint states a claim or sets forth facts demonstrating personal jurisdiction, the Court accepts all well-pleaded allegations as true. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002); *Hentosh v. Herman M. Finch Univ. Of Health Scis./The Chicago Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999).

Patent infringement occurs when "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States . . . ." 35 U.S.C. § 271(a). Patent infringement "cannot be predicated on acts wholly done in a foreign country." *Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1251 (Fed. Cir. 2000). Where a party controls or directs the infringement, the controlling or directing party is liable for direct infringement. *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1380-81 (Fed. Cir. 2007). Here, Snap-on alleges that Bosch and the German

Entities met in the United States and that Bosch Germany directed the plan that resulted in patent infringement. Such allegations state a plausible claim for patent infringement. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that the complaint must contain sufficient facts to state a plausible claim for relief).

As to personal jurisdiction, Bosch states that it is not prematurely arguing against personal jurisdiction, yet claims that the proposed complaint fails to set forth a factual basis for personal jurisdiction over the German Entities. Snap-on alleges that the German Entities knew the infringing product would be sold in Illinois, that representatives of the German Entities came to Illinois for meetings regarding the infringing product, and that Defendants chose Illinois as a location to install the infringing product. Given that Bosch is not prematurely arguing against personal jurisdiction, the Court finds that the proposed complaint states a factual basis for personal jurisdiction over the German Entities.

## III. Dilatory Nature of Motion

Bosch also argues that Snap-on's effort to add the German Entities is merely a dilatory tactic. Bosch's argument is underdeveloped and unsupported. No facts suggest that Snap-on seeks to add the German Entities as defendants for the purpose of delaying this case.

## IV. Undue Delay

Finally, Bosch urges the Court to deny Snap-on's motion because Snap-on unduly delayed requesting leave to amend. Snap-on responds that it did not unduly delay because it did not learn that Bosch and the German Entities worked together as one enterprise until sometime between January and March 2011, when Bosch produced e-mails. However, Snap-on knew of the relationship between Bosch and the German Entities long before January or March 2011. Indeed, on January 25, 2010, Snap-on filed a motion in which Snap-on represented to the Court that Bosch and the German Entities "worked as one unit to bring the infringing [product] to market." *Snap-on*, 09-CV-6914 at Dkt. No. 30. Although Snap-on claims that it did not have documents to substantiate its belief that Bosch and the German Entities worked together, Snap-on did not need such documents to name the German Entities as defendants in the original complaint. Since Snap-on filed its motion approximately one year and five months after acknowledging the relationship between Bosch and the German Entities, Snap-on unduly delayed seeking leave to add the German Entities as defendants. However, delay, alone, is insufficient to deny a proposed amendment. *George v. Kraft Foods Global, Inc.*, 641 F.3d 786, 791 (7th Cir. 2011) (explaining that delay must be coupled with some other reason, such as prejudice to the defendant). Because Bosch fails to

identify any prejudice accompanying Snap-on's excessive delay, the Court grants Snap-on's motion.

## CONCLUSION

For the foregoing reasons, this Court grants Snap-on's motion for leave to file a First Amended Complaint.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated:　August 16, 2011