UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SNAP-ON INCORPORATED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) 09 C 6914 |
| ROBERT BOSCH, LLC, | ) |
| ROBERT BOSCH, GMBH, | ) |
| BEISSBARTH, GMBH, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on the motion of Defendant Robert Bosch, LLC ("Bosch") for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). For the reasons stated below, the motion is denied.

## BACKGROUND

On November 3, 2009, Snap-on, Inc. ("Snap-on") filed a complaint against Bosch, alleging numerous counts of patent infringement. Beissbarth GmbH ("Beissbarth") and Robert Bosch GmbH ("Bosch Germany") (collectively, the "German Entities") are related to Defendant Bosch. On August 16, 2011, this Court granted Snap-on leave to file a First Amended Complaint adding the German Entities as defendants. Bosch now moves for reconsideration of this Court's August 16, 2011 Memorandum Opinion.

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 59(e), a court may alter or amend a judgment if the moving party demonstrates a manifest error of law or fact or presents newly discovered evidence. *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). A Rule 59(e) motion does not permit a party to introduce new evidence or advance arguments that could have been presented to the district court prior to judgment. *Id.*

**DISCUSSION**

The Court granted Snap-on leave to file an amended complaint because Bosch failed to demonstrate that the amended complaint was futile or caused undue prejudice. Bosch now moves for reconsideration under Rule 59(e), arguing that the Court made manifest errors with respect to its findings regarding futility and undue prejudice.

**I.      Futility of Proposed Amendment**

A court may deny leave to amend where the amendment would be futile. *Johnson v. Cypress Hill*, 641 F.3d 867, 871-72 (7th Cir. 2011). Bosch originally argued that Snap-on's amendment is futile because the amended complaint fails to state a patent infringement claim against the German Entities. When evaluating whether the proposed complaint states a claim, the Court accepts all well-pleaded allegations as true. *Hentosh v. Herman M. Finch Univ. of Health Scis./The Chi. Med. Sch.*, 167 F.3d 1170,

1173 (7th Cir. 1999). Citing *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1380-81 (Fed. Cir. 2007), the Court explained that a party is liable for direct infringement under a joint infringement theory where the party controls or directs the infringement. Based on *BMC Resources*, the Court found that Snap-on stated a claim for patent infringement by alleging that Bosch Germany directed the plan resulting in patent infringement. Bosch correctly points out that Snap-on's claim against Beissbarth cannot be based on the actions of Bosch Germany. However, Snap-on contends that its patent infringement claims are not based on a joint infringement theory. Thus, the Court strikes the portion of its prior decision which relies on *BMC Resources* to find that Bosch Germany could be liable under a joint infringement theory for directing or controlling the infringement.

The Court now reconsiders whether the amended complaint states a plausible claim for patent infringement against the German Entities. Patent infringement occurs when "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States . . . ." 35 U.S.C. § 271(a). Patent infringement "cannot be predicated on acts wholly done in a foreign country." *Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1251 (Fed. Cir. 2000). However, when a foreign company sells and ships an infringing product directly to a customer in the United States, the foreign company sells the product "within the United States" under Section

271(a). *Litecubes, LLC v. N. Light Prods., Inc.*, 523 F.3d 1353, 1369-71 (Fed. Cir. 2008) (finding substantial evidence supporting the conclusion that the defendant sold the infringing product within the United States where the defendant shipped the product directly to customers in the United States).

In the amended complaint, Snap-on alleges that all of the defendants shipped the infringing product to, and sold the product in, the United States. Snap-on partially supports its allegation by attaching invoices to its opposition which document Beissbarth's sale and shipment of the infringing product to Bosch in the United States. Snap-on also alleges that defendants' actions resulted in the infringement of one or more claims of various patents. Such allegations state a plausible claim for patent infringement. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that the complaint must contain sufficient facts to state a plausible claim for relief). Accordingly, the amended complaint is not futile.

**II.  Undue Prejudice**

A court may deny leave to amend where there is undue prejudice to the defendant. *Johnson*, 641 F.3d at 871-72. Bosch originally argued that Snap-on's request injected a new infringement theory in the case and materially expanded discovery. However, Bosch failed to articulate what new infringement theory Snap-on purportedly introduces into the case and failed to substantiate how the amendment

materially expands discovery. Bosch now attempts to support its previous arguments. First, Bosch maintains that Snap-on's amended complaint introduces a theory of joint infringement. As stated above, Snap-on maintains that it does not rely on a joint infringement theory and, additionally, the amended complaint states a viable claim against the German Entities without relying on such a theory. The Court therefore confirms its prior ruling that Snap-on does not inject a new theory into the case.

Second, Bosch contends that Snap-on's amended complaint substantially expands discovery because Snap-on will seek information regarding the relationship between, and management of, Bosch and the German Entities. Bosch, however, ignores the fact that Snap-on served discovery on these precise issues in December 2009. Thus, Bosch cannot argue that such discovery is "new" or related solely to Snap-on's amended complaint. Accordingly, Bosch fails to demonstrate that the amendment causes it undue prejudice.

## CONCLUSION

For the foregoing reasons, this Court denies Bosch's motion for reconsideration.

_____
Charles P. Kocoras
United States District Judge

Dated:  October 14, 2011