Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6914 | **DATE** | October 14, 2011 |
| **CASE TITLE** | Snap-On, Inc. vs. Robert Bosch, LLC | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion (Doc [97]) to dismiss defendant's counterclaims relating to U.S. Patent No. 5,208,646 is granted.

■[ For further details see text below.]   Docketing to mail notices.

# ORDER

This case comes before the Court on the motion of Plaintiff Snap-on, Inc. ("Snap-on") to dismiss Defendant Robert Bosch, LLC's ("Bosch") counterclaims relating to U.S. Patent No. 5,208,646 ("'646 Patent"). For the reasons stated below, the motion is granted.

On November 3, 2009, Snap-on filed a complaint against Bosch, alleging numerous counts of patent infringement. Beissbarth GmbH ("Beissbarth") and Robert Bosch GmbH ("Bosch Germany") (collectively, the "German Entities") are related to Defendant Bosch. On August 18, 2011, Snap-on filed a First Amended Complaint adding the German Entities as defendants and withdrawing all claims relating to the '646 Patent. Thereafter, Snap-on provided Bosch with a covenant not to sue concerning the '646 Patent and Snap-on now moves to dismiss Bosch's counterclaims relating to the '646 Patent.

Bosch agrees that the Court no longer has jurisdiction over its counterclaims relating to the '646 Patent because Snap-on withdrew its infringement claim and provided Bosch with a covenant not to sue. *See Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1349 (Fed. Cir. 2010) (finding that the covenant not to sue proffered by a party extinguished the controversy and divested the district court of Article III jurisdiction over the other party's action seeking to declare the patent invalid). Accordingly, the Court grants Snap-on's motion to dismiss. As a

**ORDER**

final matter, Bosch asks the Court to clarify that it retains jurisdiction over Bosch's request for attorneys' fees under 35 U.S.C. § 285 with respect to the '646 Patent and Bosch's planned request for attorneys' fees under Federal Rule of Civil Procedure 11. Further, Bosch asks the Court to rule on the relevance of certain discovery requests. Snap-on has not had an opportunity to respond to Bosch's additional requests. The Court defers ruling on these issues until properly brought before the Court. *See* Fed. R. Civ. P. 7(b) (stating that a request for a court order must be made by motion).

Date: October 14, 2011

CHARLES P. KOCORAS
U.S. District Judge